## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARLOS EDWARD KENNEDY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 1:18-00357-KD-B** |
| | ) | |
| **CARLA JONES,** | ) | |
| **Respondent.** | ) | |

## ORDER

This matter is before the Court Petitioner's petition for writ of habeas corpus (Doc. 1) and the Respondent's Answer (Doc. 14).

### I.    Background

On March 25, 2011, Carlos Edward Kennedy (Kennedy) was indicted by the Mobile County, Alabama Grand Jury on one (1) count of capital murder for killing Zoa White during a first-degree burglary (CC 2011 001569.00). (Doc. 14-1). In May 2013, Kennedy was tried while represented by counsel against his wishes; he was found guilty of capital murder. On September 25, 2013, Kennedy was sentenced to the death penalty. On October 16, 2013, Kennedy filed a notice of appeal. On July 10, 2015, the Alabama Court of Criminal Appeals reversed the trial court and remanded the case for a new trial on the grounds that Kennedy was deprived of his right to represent himself at trial. Kennedy v. State, 186 So.3d 507 (Ala. Crim. App. 2015).

On July 27, 2015, post-remand, Kennedy notified the trial court that he intended to represent himself. On November 23, 2015, a hearing was held on the motion to determine the admissibility of DNA evidence, which was granted. Kennedy then filed a motion to hire a DNA

specialist and after a January 2016 hearing, the motion was granted. Kennedy was also provided with case law supporting State's contention that the State's DNA expert could testify. On March 21, 2016, Kennedy filed a motion to continue the trial, which was denied.  On March 23, 2016, a pre-trial status conference was held. Kennedy filed a writ of Mandamus requesting the Alabama Court of Civil Appeals order the trial court to grant his motion to continue the trial; the writ was denied on the grounds that he failed to attach a copy of the order with his petition.

On April 18, 2016, jury selection commenced. The jury was selected on April 22, 2016. On April 26, 2016 the jury was sworn and trial began. At the close of the State's case, the trial court addressed a motion for acquittal and the Court denied the motion. The court advised Kennedy of his right to testify, and he declined. Kennedy did not put on any evidence.  The court, on behalf of Kennedy, renewed his Motions for Acquittal at the close of all the evidence. The motions were again denied.  No objections were made during closing arguments.  Kennedy did not make a closing argument.  Nor were there any objections to the jury charges. Kennedy explicitly stated he did not want any charges addressing lesser included offenses.  Following a jury trial, Kennedy was convicted of capital murder on May 5, 2016. (Doc. 14-2). At the conclusion of the sentencing hearing, the jury recommended life without the possibility of parole by a vote of 8 to 4, and the court sentenced Kennedy in accordance with that recommendation on May 5, 2016.  (Id.)

On June 8, 2016, Kennedy filed a notice of appeal, and on November 30, 2016, counsel for Kennedy filed his brief pursuant to Anders v. California, 386 U.S. 738 (1967). (Doc. 14-11).  In his brief counsel explained that, out of an abundance of caution, he raised and argued the issue of whether the trial court abused its discretion when it denied Kennedy's motion for a continuance.

On March 17, 2017, the Alabama Court of Criminal Appeals denied Kennedy's appeal and affirmed his conviction with a memorandum opinion, holding that, after a thorough review of the record in this case and the record from his first trial, the trial court did not abuse its discretion when it denied his motion for a continuance because "Kennedy had sufficient time to obtain experts prior to his second trial. Kennedy waited more than five months after his case was remanded to move for funds to hire experts. Kennedy waited approximately two more months – a month before trial – to file a motion to continue. Even during arguments regarding his motion to continue, Kennedy did not show that he could locate an expert to examine the evidence." Kennedy v. State, CR-15-1092 (Ala. Crim. App. Mar. 17, 2017).

On April 21, 2017, Kennedy filed an application for rehearing in the Alabama Court of Criminal Appeals, which that court overruled.  Kennedy then filed a petition for writ of certiorari in the Alabama Supreme Court which that court denied on the same day the certificate of judgment was issued -- June 9, 2017. Kennedy did not seek certiorari review in the U.S. Supreme Court.

On August 9, 2018, Kennedy executed the pending habeas corpus petition by a person in state custody (Doc. 1 at 12) which was filed in this Court on August 13, 2018 (Doc. 1 at 1). As grounds for federal habeas relief, Kennedy asserts as follows: "[t]he judge didn't give the Defendant enough time...only 8 to 9 months to have all of the evidence against me analyzed which wasn't enough...because I was representing myself {pro se} while incarcerated."  (Doc. 1 at 6).

II.      **Governing Law**

In his motion, Kennedy argues that the trial court erred by failing to give him enough time to have the evidence against him analyzed -- i.e., erred in failing to grant his March 21, 2016

continuance to hire experts related to the evidence against him (including DNA).  This issue was

"adjudicated on the merits" in state court proceedings through Kennedy's direct appeal, by the trial

court and the Alabama Court of Criminal Appeals.  As a result, the undersigned's review of this

ground for relief is under the highly deferential standard of 28 U.S.C. § 2254(d)(1). Title 28 U.S.C.

§ 2254(d)(1) states, in relevant part, as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

Section 2254(d)(1) has been interpreted in Williams v. Taylor, 529 U.S. 362 (2000), Bell

v. Cone, 535 U.S. 685 (2002), and Woodford v. Visciotti, 537 U.S. 19 (2002). The test set out in

Williams v. Taylor was summarized (in pertinent part) by the Court as follows:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of … clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413. See also *Brown v. Payton*, 544 U.S. 133, 141 (2005).  Additionally, habeas

relief cannot be granted if the habeas court merely believes the state court's decisions applied the

controlling precedent "erroneously" or "incorrectly," id. at 412, because "relief is appropriate only

4

if that application is also objectively unreasonable." Id. at 410-411; *accord*, Renico v. Lett, 559

U.S. 766, 767 (2010); Penry v. Johnson, 532 U.S. 782, 793 (2001); Bell v. Cone, 535 U.S. at 694-

697.  Rather, whether a state court's decision is unreasonable must be assessed in the light of the

record the state court had before it at the time it made its decision. *Cullen v. Pinholster*, 563 U.S.

170, 181-82 (2011) (same); Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (same); Holland v.

Jackson, 542 U.S. 649, 653 (2004) (same); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (same).

Moreover, state court findings of fact are presumed correct unless the petitioner can show

otherwise by "clear and convincing evidence." See 27 U.S.C. § 2254(e)(1); Rice v. Collins, 546

U.S. 333, 339 (2006).  Thus, the burden of showing that an issue falls within § 2254(d)(1) rests on

Kennedy. *Woodford*, 537 U.S. at 25.  Further, the undersigned notes that:

> Habeas relief is granted sparingly, reserved for "'extreme malfunctions in the state criminal justice systems' " and "not as a means of error correction." *Greene v. Fisher*, 132 S.Ct. 38, 43 (2011) (quoting *Harrington*, 131 S.Ct. at 786, and further quotation marks omitted). "The usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings ... demands that state-court decisions be given the benefit of the doubt." ' *Allen v. Secretary, Florida Dept. of Corrections*, 611 F.3d 740, 748 (11th Cir.2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted)). As the Supreme Court has reminded courts, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.... [Section 2254(d) ] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Harrington*, 131 S.Ct. at 786.0

Williams v. Davenport, 2014 WL 641850, *15 (M.D. Ala. Feb. 19, 2014).

### III.     Discussion

As stated above, the issue -- the time Kennedy was given to have the evidence against him

analyzed -- has been adjudicated on the merits in the state courts and involves a state law matter

not cognizable in federal habeas corpus.

As to the substance of his petition, the Court cannot conclude that the trial court's decision was unreasonable when, as stated in the opinion, the appellate court carefully reviewed the record and found that the trial court had not abused its discretion. As stated by the trial court, Kennedy had known about the issues pertaining to his March 21, 2016 request for a continuance for five (5) years -- since the initial indictment was brought against him in 2011. There was no evidence that the trial court abused its discretion by denying his last-minute request for a continuance. Because there was no evidence before the court to the contrary, the trial court did not abuse its discretion.

Additionally, Kennedy's claim that the trial court should have granted his March 21, 2016 request for a continuance was pleaded as, and clearly remains, a claim based solely on state law, and as such, was fairly adjudicated on the merits. Issues regarding state law alone, without more, are not reviewed under the federal writ of habeas corpus. The Supreme Court has long recognized that neither it nor other federal courts are "at liberty to conjecture that the [state] court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied." Gryger v. Burke, 334 U.S. 728, 731 (1948). "Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes…A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F. 2d 1053, 1055 (11th Cir. 1983) (citation omitted). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. "We review questions of state law in federal habeas

6

proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render 'the entire trial fundamentally unfair.'" Tejada v. Dugger, 941 F. 2d 1551, 1560 (11th Cir. 1991). "We will not question the Alabama appellate court's application of state law in federal habeas corpus review." Davis v. Jones, 506 F. 3d 1325, 1332 (11th Cir. 2007).

Because Kennedy cannot use this Court to obtain a reinterpretation of the Alabama law and the only reasonable conclusion from the evidence is that the trial court was well within its discretion in denying March 2016 request for a continuance, his claim for habeas relief is meritless. As both the trial court and the Alabama Court of Criminal Appeals found in this case, Kennedy did not show that he could locate an expert to examine the evidence if he had been granted the March 2016 continuance that he requested. Kennedy is not entitled to relief on this claim.

## IV.    Conclusion

Accordingly, it is **ORDERED** that Petitioner Carlos Edward Kennedy's petition for writ of habeas corpus (Doc. 1) is **DENIED.**

**DONE** and **ORDERED** this the **17th** day of **June 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

7